■ ALBERT A. MAZZEO, Appellant, v. REUBEN TIZES et al., Respondents.— Appeal by plaintiff (1) from an order of the Supreme Court, Orange County, dated December 5, 1973, which granted defendants' motion to dismiss the complaint and (2) as limited by plaintiff's brief, from so much of a further order of the same court, entered April 8, 1974, as, upon reargument, adhered to the original decision. Order entered April 8, 1974 affirmed insofar as appealed from. No opinion. Appeal from order dated December 5, 1973 dismissed as moot. This order was superseded by the order entered April 8, 1974. Respondents are awarded one bill of $20 costs and disbursements to cover both appeals. Martuscello, Acting P. J., Latham, Cohalan, Christ and Shapiro, JJ., concur.

## THIRD DEPARTMENT, FEBRUARY, 1975

## (February 6, 1975)

■ In the Matter of DAVID J. INGRAM et al., Respondents, v. NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant.— Appeal, by permission, from an order of the Supreme Court at Special Term, entered February 28, 1974 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied a motion to dismiss the petition and ordered the appellant to file an answer thereto. In the underlying dispute herein, the petitioners seek to require the appellant New York State Teachers' Retirement System (hereinafter System) to pay the retirement benefits of its former member, the now deceased Helen Y. Ingram, pursuant to " Option 1 ", which was her chosen method of payment as indicated by her retirement application. In lieu of " Option 1 ", however, the System has already issued checks to the petitioners for substantially lower amounts designated as death benefits. When petitioner David Ingram requested that the System reissue the checks based on the preferred option, it refused on the ground that the decedent's application for retirement had not been on file with the retirement board for at least 30 days prior to her death as required by section 510 (subd. 1, par. a) of the Education Law. By the instant proceeding, the petitioners now challenge this refusal and argue that the System was bound, as a matter of law, to accept an earlier retirement application of the decedent, submitted by petitioner David Ingram pursuant to a lawfully executed general power of attorney, which would have fulfilled the 30-day filing requirement and resulted in larger payments under " Option 1 ". On this appeal, the System argues that Special Term erred in denying its motion to dismiss the petition because the proceeding was not commenced within four months after its determination as required by CPLR 217. We find this contention to be without merit. Fundamentally, this is a proceeding in the nature of a mandamus to compel the performance of a duty enjoined by law and demanded by the petitioners, the acceptance of petitioner David Ingram's general power of attorney (see General Obligations Law, §§ 5–1502G, 5–1502H, 5–1502I, 5–1502K, 5–1502L). From the record, it is clear that the System refused to perform its alleged duty on August 21, 1973 and, within four months thereafter, on December 20, 1973, this proceeding was commenced. (Cf. *Matter of O'Buck* v. *City of Yonkers,* 2 A D 2d 775; *Matter of Millicker* v. *Board of Educ. of Cent. School Dist. No. 1 of Towns of Carmel & Putnam Val.,* 275 App. Div. 849, affd. 300 N.Y. 634.) In so deciding we do not reach the merits. Order affirmed, with costs. Herlihy, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.